CHARLES E. CAMP v. TIMOTHY MURPHY.[1]

May 26, 1897.

Nos. 10,604—(65).

**Chattel Mortgage—Renewal Affidavit—Jurat.**

A renewal affidavit of a chattel mortgage was taken before a person who signed the jurat as W. F. Cooley, "Recorder." The record showed the existence of the village of Morris, in Stevens county, Minn.; that in said village there was an office designated as office of "village recorder"; that there was in fact such an officer therein as village recorder; that said affidavit was in fact filed in said office, where the original mortgage was filed; that said Cooley certified upon said affidavit, with proper venue thereon indorsed, that said affidavit was filed in his office, and affixed to his signature thereto the word "Recorder." *Held,* in connection with all the facts in this case, a sufficient designation of his office, and that the affidavit was valid.

Appeal by plaintiff from a judgment in the district court for Stevens county, C. L. Brown, J., for defendant. Affirmed.

*Geo. E. Darling,* for appellant.
*Wm. C. Bicknell,* for respondent.

BUCK, J. The plaintiff claims title to a certain frame building situate upon lot 9, block 13, in the village of Morris, Stevens county, in this state. His right to this building is based upon an execution sale issued upon a judgment rendered in justice court wherein he was plaintiff and one Elliott was defendant. The regularity of the sale is not challenged. The frame building is conceded to be personal property, and the defendant's claim to it is based upon a chattel mortgage executed to him by Elliott. Before the expiration of the time in which it was required to be renewed, the defendant made an affidavit of renewal in these words, viz.:

"State of Minnesota,
"County of Stevens, ss.:
"Timothy Murphy, of said county, being duly sworn, says that he is the same Timothy Murphy and mortgagee and person named in, and now the holder of, a certain chattel mortgage made by R. F.

[1] Reported in 71 N. W. 1.

Elliott, an artist and photographer, of the village of Morris, state of Minnesota, to Timothy Murphy, of said village and state, and which said mortgage falls due on Sept. 1st, 1893, which mortgage bears date the 17th day of September, A. D. 1892, and was on the 17th day of September, A. D. 1892, duly filed in the office of the recorder in and for the village of Morris, in said county of Stevens, state of Minnesota. That the sum of two hundred twenty-nine and 9-100 dollars is now remaining unpaid upon and secured by said mortgage, which sum constitutes the extent of the interest of said Timothy Murphy and lien upon the property therein mentioned, by virtue of such mortgage.

[Signed] Timothy Murphy.

"Subscribed and sworn to before me this 24th day of August, A. D. 1895. W. F. Cooley, Recorder."

And said affidavit was attached to said chattel mortgage, and filed in the office of said village recorder of the village of Morris on the said 24th day of August, 1895, where the same has at all times remained, with the indorsement thereon in the words and figures following:

"State of Minnesota, County of Stevens, Village of Morris, ss. I hereby certify that the within instrument was filed in this office on the 24th day of August, 1895, at 4 o'clock p. m.

"W. F. Cooley, Recorder."

There is no controversy as to the facts, and the only question arises as to the sufficiency of the affidavit of renewal; the plaintiff claiming that it was not properly executed, because it does not appear to have been sworn to before an officer authorized to administer oaths, and he asks to have an adjudication that the chattel mortgage is not a lien upon the building as against him. G. S. 1894, § 5639, provides that the recorders of all villages in this state are authorized to administer all oaths and take all acknowledgments of instruments authorized or required by law. The jurat is signed by "W. F. Cooley, Recorder," and the plaintiff insists that the word "Recorder" is not a sufficient designation of the official character of Cooley, and that the affidavit is therefore void, and of no effect. This is the only point in the case.

It appears from the chattel mortgage that it was given upon property situate in the village of Morris, Stevens county, Minn., wherein the mortgagor resided, and upon this chattel mortgage was the indorsement of the village recorder that it was filed in his office Sep-

tember 17, 1892. The trial court found that the mortgage and indorsements were filed in the office of the village recorder of the village of Morris. Thus it appears from the records: (1) That the property was situate in the village of Morris, Stevens county, Minn.; (2) that the mortgagor resided therein; (3) that there existed the office of village recorder in the village of Morris, and that there was an officer designated as "village recorder" filling that office; (4) that the affidavit was sworn to before W. F. Cooley, "Recorder," and that upon this affidavit was an indorsement showing the venue as being state of Minnesota, county of Stevens, village of Morris; and that said W. F. Cooley held an office of which he designated himself "Recorder," although the formal designation of the village of which he was recorder was not appended to the word "Recorder." We are of the opinion that it sufficiently appears from competent evidence in the record that W. F. Cooley was recorder of the village of Morris, and as such had authority to administer the oath to Elliott, the signer of the renewal affidavit, and that the affidavit was sufficient.

Attention is called to the fact that the paper books furnished the court are defective in several respects, and do not correspond with the original record filed with the clerk. In the venue on the recorder's certificate of filing of the affidavit the words "Village of Morris," as well as a statement that the affidavit was attached to the chattel mortgage, and filed in the office of the village recorder of the village of Morris on the 24th day of August, 1895, and the indorsement thereon, where they have always remained, do not appear in the paper book furnished the members of the court.

We are of the opinion that the judgment should be affirmed. So ordered.